```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SAM COOPER,

                    Plaintiff,
                                              MEMORANDUM AND ORDER
          -against-                           18-CV-6656(JS)(ARL)

NEW YORK STATE, P.O. JEREMY
FANNIG, and P.O. RICHARD JONES,

                    Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiff:      Sam Cooper, pro se
                    18-R-1900
                    Lakeview Shock Incarceration Correctional
                      Facility
                    P.O. Box T
                    Brocton, New York 14716-0679

For Defendants:     No appearances.

SEYBERT, District Judge:

On November 16, 2018, incarcerated pro se plaintiff Sam Cooper ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against New York State (the "State"), and two Suffolk County Police Officers, Jeremy Fannig ("P.O. Fannig"), and Richard Jones ("P.O. Jones" and collectively, "Defendants"). Accompanying the Complaint is an application to proceed in forma pauperis.[1] (See, IFP Mot., D.E. 2.) On April 4,

---

[1] Plaintiff did not file the required Prisoner Litigation Authorization form ("PLRA") with his Complaint. Accordingly, by Notice of Deficiency dated November 21, 2018, Plaintiff was instructed to complete and return the enclosed PLRA within fourteen (14) days. (See, D.E. 3.) On December 4, 2018, Plaintiff timely filed the PLRA. (See, D.E. 4.)

2019, Plaintiff filed an application for the appointment of pro bono counsel to represent him in this case. (See, Mot. to Appoint Counsel, D.E. 11.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED IN PART pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b) and the application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when this case is trial ready, if so warranted at that time.

BACKGROUND

Plaintiff, who is alleged to be a convicted and sentenced state prisoner (Compl. ¶ III), has filed a brief Complaint on the Court's Section 1983 Complaint form. Plaintiff alleges that, on June 16, 2017, "Police Officers raided a residence" and Plaintiff "hid under a tree in another residence. Police found me with a police dog under the tree." (Compl. ¶ IV.A.) Plaintiff claims that the officers "asked to see [my] hands and I complied with [the] order [but] was tased any way from point blank range." (Compl. ¶ IV.A.) Plaintiff also alleges that he was kicked in his side and head and that his car was impounded. (Compl. ¶ IV.A.)

Plaintiff claims that one of the officers "stated we will let you go if we can remove [the] taser" but Plaintiff refused and asked to be taken to the hospital. (Compl. ¶ IV.B.) At the hospital, Plaintiff describes that he was given "a shot to numb taser area to remove taser prong" which caused him to suffer "scar tissue damage to [his] right side of chest wall." (Compl. ¶ IV.D.) Plaintiff further claims that his personal belongings left in his car were discarded and that he paid a lawyer $1,200.00 to help him get his car back from impound. (Compl. ¶ IV.D.)

Based on the foregoing, Plaintiff claims that he has suffered cruel and unusual punishment in violation of the Eighth Amendment, for which he seeks to recover a monetary award in the sum of $200,000.00. (Compl. ¶¶ II.B., VI.)

## DISCUSSION

### I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

### II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Immunity

Plaintiff names the State as a Defendant and seeks to

4

recover a monetary award against it.  However, the State is immune from suit under the Eleventh Amendment.  Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).  A State's sovereign immunity "affects . . . subject matter jurisdiction" and so, may be raised sua sponte."  Atl. Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir. 1993).

The Eleventh Amendment bars suits brought by a state's own citizens against it in federal court.  U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 2246, 144 L. Ed. 2d 636 (1999)).  The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability.  Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 687, 121 L. Ed. 2d 605 (1993) (citation omitted).

Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit.  Gollomp v. Spitzer, 568 F.3d 355, 365-66 (2d Cir. 2009).  It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, see Quern v. Jordan,

440 U.S. 332, 343-45, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), nor has New York State waived its immunity from suit. Trotman v. Palisades Interstate Park Comm's, 557 F.2d 35, 38-40 (2d Cir. 1977). Thus, as is readily apparent, Plaintiff's claims against the State are barred by the Eleventh Amendment to the Constitution and are thus DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).[2]

IV. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting

---

[2] The Court notes that Plaintiff's Section 1983 claims against the State must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).

6

Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Here, though thin, Plaintiff's allegations plausibly allege excessive force claims against P.O. Fannig and P.O. Jones, rather than cruel and unusual punishment claims, and shall proceed. Accordingly, the Clerk of the Court shall issue summonses to P.O. Fannig and P.O. Jones and shall forward the summonses together with copies of the Complaint and this Order to the United States Marshal Service ("USMS") for service upon these Defendants forthwith.

V. Appointment of Pro Bono Counsel

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. However, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In deciding a motion for appointment of counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). A position is likely to be of substance if it appears to the court that the plaintiff "appears to have some chance of success . . . ." Hodge, 802 F.2d at 60-61. Where a plaintiff satisfies this threshold requirement, the Second Circuit instructs that

> the court should then consider the indigent's
> ability to investigate the crucial facts,
> whether conflicting evidence implicating the

>     need for cross examination will be the major
>     proof presented to the fact finder, the
>     indigent's ability to present the case, the
>     complexity of the legal issues and any special
>     reason in that case why appointment of counsel
>     would be more likely to lead to a just
>     determination.

Hodge, 802 F.2d at 61-62. These factors are not restrictive and "[e]ach case must be decided on its own facts." Id. at 61.

Notwithstanding the requirement that pleadings drafted by a pro se litigant, are to be construed liberally and interpreted to raise the strongest arguments they suggest, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court, upon careful review of the facts presented herein and in light of the factors required by law as discussed above, finds that the appointment of counsel is not warranted at this time. Even assuming that Hodge's threshold requirement is satisfied, the record reflects that the legal issues presented are not unduly complex and that Plaintiff can adequately prosecute his claims himself pro se. Based on this review, Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when the action is ready for trial, if warranted at that time. It is Plaintiff's responsibility to retain an attorney or continue to pursue this lawsuit pro se. See 28 U.S.C. § 1654.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is

8

sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A (b)(1) as against the State. Plaintiff's excessive force claims against P.O. Fannig and P.O. Jones shall proceed. Accordingly, the Clerk of the Court shall issue summonses to P.O. Fannig and P.O. Jones and shall forward the summonses together with copies of the Complaint and this Order to the USMS for service upon these Defendants forthwith. Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when the action is ready for trial, if warranted at that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: July __18__, 2019
    Central Islip, New York