UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SAM COOPER,

                       Plaintiff,

      -against-

JEREMY FANNING *Police Officer* and RICHARD
JONES *Police Officer*,

                       Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 18-6656 (JS) (ARL)

**LINDSAY, Magistrate Judge:**

      Before the Court, on referral from District Judge Seybert, is the defendants' motion seeking to dismiss the complaint for failure to obey with the Court's orders compelling discovery pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and failure to prosecute the case pursuant to Fed. R. Civ. P. 41(b).

      By way of background, on November 16, 2018, the incarcerated *pro se* plaintiff, Sam Cooper ("Cooper"), commenced this Section 1983 action against New York State[1] and two Suffolk County Police Officers, Jeremy Fannig and Richard Jones. Cooper alleges that on June 16, 2017, "Police Officers raided [his] residence." Compl. ¶ IV(A). Cooper claims that he "hid under a tree [at] another residence" until the "Police found [him] with a police dog." *Id.* He alleges that the officers asked to see his hands and, although he complied, he was tased. *Id.* Cooper further alleges that he was kicked in his side and head and that his car was impounded. *Id.* Cooper asked to be taken to the hospital where he was given "a shot to numb [the] taser area to remove [the] taser prong." *Id.* ¶ IV(B). Cooper claims that incident caused him to suffer "scar tissue damage to [his] right side of chest wall." *Id.* ¶ IV.D. Finally, Cooper asserts that the personal belongings he left in his car were discarded and that he had to pay a lawyer $1,200.00 to help him get his car back from impound. *Id.*

      On October 3, 2019, the defendants filed an answer to the complaint and the undersigned issued a scheduling order shortly thereafter. ECF Nos. 25, 28. According to the defendants, in compliance with the scheduling order, the defendants served Cooper with four separate discovery documents on December 6, 2019. Receipt of the documents was acknowledged by a representative at Lakeview Shock Incarceration Facility in Brocton, New York on December 10, 2019. Cooper failed to respond and, on January 29, 2020, the defendants sent him a letter advising him that if they did not receive a response to their requests, the defendants would move

---

[1] By order date July 18, 2019, the claims against New York State were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1).

to preclude his introduction at trial of any witnesses or evidence in support of his claim based upon his lack of response.

According to the U.S.P.S. return receipt, someone at his then current address, that being, Orleans Correctional Facility in Albion, New York acknowledged receipt of the defendants' letter. Nevertheless, Cooper, once again, failed to respond. As such, on February 25, 2020, the defendants submitted a letter to the Court seeking to compel Cooper to respond. ECF No. 38. By order dated March 9, 2020, the undersigned granted the motion as unopposed and directed Cooper to respond to all outstanding discovery requests, including completing and swearing to his Interrogatory responses. In the order, Cooper was advised that his failure to respond to the outstanding discovery requests could result in the imposition of sanctions, including a recommendation that the complaint be dismissed for failure to prosecute.

Upon receipt of the Court's order, Cooper requested additional time to respond to the defendants' interrogatories. That request was granted. Although the request was limited, the undersigned directed Cooper to respond to all outstanding discovery requests, including completing and swearing to his interrogatory responses, by May 8, 2020. At the same time, the Court extended the discovery deadline to July 10, 2020 and Cooper was directed to serve the defendants with a narrative statement, exhibit list, witness list, and summary of each witness testimony by July 31, 2020.

However, on April 2, 2020, Copper wrote to the Court indicating that he was in transit to another facility without his legal papers, would be held at Ulster Correctional Facility until the coronavirus cleared. As such, by order dated April 7, 2020, the Court, once again, modified the discovery schedule and directed Cooper to respond to all outstanding discovery requests July 8, 2020. Since Cooper had requested the appointment of counsel, the undersigned reiterated that Cooper was required to respond to the court ordered discovery and to follow the deadlines whether or not he was appointed counsel prior to the deadline. Despite the Court's warning, Cooper did not respond nor has he requested additional time to do.

In fact, the only recent correspondence that the Court has received from Cooper is a letter to the *pro se* office indicating that he is now being housed at Hale Creek. ECF No. 51. However, the notice of change of address includes the following handwritten request:

> I Sam Cooper am asking the Court Can I answer interrogatories of questions for defendants by phone, that they previous wanted. I am still without my legal papers and have filed a claim with Facility to Find Property. I can answer question best to my knowledge of the Case and Understanding to the questions being asked.

*Id.* Although Cooper's relocation to Hale Creek does not excuse his utter lack of response, it is clear to the Court that the current health crisis is making it more difficult for the *pro se* plaintiff to prosecute this case. Accordingly, the undersigned respectfully recommends that the defendants' motion be denied. Instead, the undersigned suggests that the defendants be directed to re-serve Cooper with all of the outstanding discovery requests at Hale Creek immediately upon receipt of the report.

The undersigned further recommends that Cooper be directed to respond, in writing, to all outstanding requests within 30 days and be advised that failure to do so will result in a dismissal of his complaint with prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
       August 12, 2020

                                                  _____/s/_____
                                                  ARLENE ROSARIO LINDSAY
                                                  United States Magistrate Judge